UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LIZETH PADRON, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>-v.-<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br>MIDLAND FUNDING, LLC and<br>JOHN DOES 1-25,<br><br>Defendants. | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Lizeth Padron (hereinafter, "Plaintiff" or "Padron"), a Texas resident, brings this Class Action Complaint by and through her attorneys, The Law Office of Jonathan Kandelshein, against Defendant Midland Credit Management, Inc. (hereinafter "Defendant MCM") and Defendant Midland Funding, LLC (hereinafter "Defendant Midland Funding"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt

1

collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Texas consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Texas, County of Harris, residing at 5635 Timber Creek Place Drive, Houston, TX 77084.

8. Defendant MCM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 2365 Northside Drive, Suite 300, San Diego, CA 92108.

9. Upon information and belief, Defendant MCM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Midland Funding is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

11. Upon information and belief, Defendant Midland Funding is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

   a. all individuals with addresses in the State of Texas;

    b. to whom Defendant MCM sent a collection letter attempting to collect a consumer debt and making a settlement offer;

    c. whose letter states that it will not sue the consumer;

    d. without clearly stating that the consumer could no longer be sued by any party;

    e. Additionally the letter, fails to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt will recommence upon payment;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff

nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19.   This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to November 30, 2017, an obligation was allegedly incurred to Wells Fargo Bank, N.A. (hereinafter "Wells Fargo").

24. The Wells Fargo Bank obligation arose out of a Wells Fargo credit card involving the use of credit funds for transactions in which money, property, insurance or services were primarily for personal, family or household purposes.

25. The alleged Wells Fargo obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26.     Due to her financial constraints, Plaintiff could not pay the alleged debt, and it went into default.

27.     Sometime thereafter, Defendant Midland Funding purportedly purchased the alleged debt.

28.     Defendant Midland Funding, a subsequent owner of the Wells Fargo debt, contracted with the Defendant MCM to collect the alleged debt.

29.     Defendant MCM and Defendant Midland Funding collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – November 30, 2017 Collection Letter*

30.     On or about November 30, 2017, Defendant MCM sent Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Defendant Midland Funding. See a true and correct copy of the Letter attached as Exhibit A.

31.     The very bottom of the Collection Letter states in part: "The law limits how long you can be sued on a debt. Due to the age of this debt, we will not sue you for it…"

32.     The alleged debt is time-barred, meaning that no party can legally sue to collect this debt.

33.     The Letter implies that Defendant MCM has chosen not to sue ("we will not sue you"), instead of the true fact that neither Defendant MCM, nor Defendant Midland Funding, nor any subsequent creditor/collector can file a lawsuit.

34.     In fact, the Letter is patently false as Defendant MCM is merely the debt collector in this instance and does not possess legal standing to sue the consumer on the debt.

35. Only the creditor or entity who owns the debt has the legal right to sue – a right which has been time-barred, and Defendant MCM fails to advise Plaintiff of this, only deceptively advising that it is choosing not to sue.

36. The statement contained in Defendant MCM's letter is materially false and deceptive to the unsophisticated consumer, who would believe that Defendant MCM or Defendant Midland Funding or a subsequent creditor has the option to change its mind should he/she not pay the alleged debt.

37. Further, the Collection Letter is materially deceptive as it fails to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt will recommence upon payment by Plaintiff.

38. The Letter, however, offers Plaintiff various settlement offers to settle the alleged debt for less than the full amount due.

39. The settlement offers only serve to make this Letter more deceptive and misleading because Defendants attempted to entice Plaintiff to accept a settlement offer for an amount less than the balance due without disclosing that acceptance of one of these settlement agreements would restart the statute of limitations for Defendant Midland Funding to sue Plaintiff on the debt.

40. Defendants made false, deceptive and misleading representations when they communicated to Plaintiff that Defendant MCM was opting not to sue Plaintiff, when in fact, it was not permitted to sue as a matter of law, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

41. Plaintiff incurred an informational injury as she was falsely advised of her true legal rights with regard to the alleged debt.

42. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

45. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. Defendants made deceptive and misleading representations when they communicated to Plaintiff that Defendant MCM was choosing not to sue Plaintiff, when in fact, it was not permitted to sue as a matter of law, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

47. Further, Defendants failed to advise that any payment made on the debt by Plaintiff would restart the statute of limitations for bringing a lawsuit, all the while enticing her to make a payment by offering her settlement options.

48. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lizeth Padron, individually and on behalf of all others similarly situated, demands judgment from Defendant Midland Credit Management, Inc. and Defendant Midland Funding, LLC, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan Kandelshein, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  November 20, 2018

Respectfully Submitted,

*/s/ Jonathan Kandelshein*
Jonathan Kandelshein
TX Bar No. 24094768
18208 Preston Rd, Suite D-9 #256
Dallas, TX 75252
Tel:  469-677-7863
Fax:  972-380-8118

jonathan.kandelshein@gmail.com
*Counsel for Plaintiff Lizeth Padron*